JsGUIDRY, Judge.
In these consolidated cases, the State of Louisiana, through the Department of Transportation and Development (DOTD), appeals the trial court’s granting of third party de *165 fendant’s, Gordean Wingfield as guardian and conservator of the estate of Kenny Clark, motion for summary judgment and exceptions of no right of action and no cause of action, dismissing with prejudice DOTD’s and Wilson Trailer Company, Inc.’s (Wilson) third party demands against the third party defendant.
FACTS
The facts of this case are not in dispute. On August 6, 1994, at approximately 6:00 a.m., Kenny Clark and Jack Ray Wingfield were traveling together in a tractor-trailer rig hauling 100 head of cattle to New Mexico. Mr. Clark, who had a commercial driver’s license, was driving as they traveled through Baton Rouge, Louisiana, across the Interstate 10 Mississippi River Bridge (the Bridge). Mr. Wingfield was asleep in the sleeper compartment. As Mr. Clark tried to negotiate the curve toward the Bridge, the tractor-trailer went over the railing, left the roadway, and landed on the Interstate 110 highway below.
Mr. Clark suffered severe brain injuries and is now totally incapacitated. Mr. Wing-field died as a result of his injuries sustained during the accident.
PROCEDURAL HISTORY
On June 22, 1995, Gordean Wingfield, individually as the widow of Mr. Wingfield, and as guardian and conservator of the estate of her son, Kenny Clark, filed a petition for damages against DOTD and Wilson (the Wingfield action). On September 26, 1995, Wilson filed an answer to the petition, generally denying the allegations.
|4On July 21, 1995, Jackie Murray, Sharon Ray Rovner, Ivy J. Wills, as legal guardian and attorney for Joseph Edward Wingfield, and Joseph Edward Wingfield individually, filed a petition for damages against DOTD and Wilson (the Murray action). Wilson filed an answer on September 25,1995.
On October 16, 1995, pursuant to a motion to consolidate filed by Wilson, the Wingfield action was consolidated with the Murray action. On October 26, 1995, DOTD filed answers to the petitions in the Wingfield and Murray actions. In conjunction with the answer to the Murray action, DOTD filed a cross claim against-Wilson and a third party demand against Mr. Clark. In the answer to the Wingfield action, DOTD filed a cross claim against Wilson. On November- 13, 1995, Wilson answered DOTD’s.cross claim and filed a third party demand against Mr. Clark. On- December 27, 1996, Gordean Wingfield filed a supplemental and amending petition adding National Union Fire Insurance Company of Pittsburgh, P.A. (National), DOTD’s insurer, and Twin City Fire Insurance Company (Hartford) (Twin City), Wilson’s insurer, as defendants in the consolidated cases. DOTD filed an answer to the supplemental and amending petition on January 10, 1997. On January 13, 1997, Wilson answered the supplemental and amending petition. Twin City answered on January 22, 1997.
On February 7, 1997, Gordean Wingfield, as legal guardian and mother of Mr. Clark, filed a motion for partial summary judgment and exceptions of no right of action and no cause of action, all with respect to the issue of whether the defendants in the Murray action had the right to file third party demands for contribution and indemnity against Mr. Clark, a'co-employee of the decedent, Mr. Wingfield. A hearing on the motion and the exceptions was held on March 31, 1997, and a judgment, granting the motion and thejjexceptions, was rendered on April 3,1997.
ASSIGNMENTS OF ERROR
DOTD now appeals and asserts the following assignments of error:
1. The trial court erred by granting the motion for summary judgment.
2. The trial court erred by granting the exceptions of no right of action and no cause of action.
DISCUSSION
Summary Judgment
On appeal, summary judgments are reviewed de novo under the same criteria that govern the district court’s consideration of whether summary judgment, is *166 appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2).
J. Ray McDermott, Inc. v. Morrison, 96 2337, p. 9 (La.App. 1st Cir. 11/7/97), 705 So.2d 195, 202, writs denied, 97-3055, 709 So.2d 753 (La. 2/13/98), 97-3062 (La.2/13/98), 709 So.2d 754.
In the case sub judice, there is no dispute among the parties as to the circumstances giving rise to this lawsuit. Instead, the parties are in disagreement as to whether a recent revision to LSA-C.C. art. 2323 now allows a co-employee to be sued for unintentional tortious conduct that causes injury to another. Clearly, this issue is solely a question of law, not fact, which is appropriate for summary judgment. For the reasons expressed below in the discussion of whether the third party plaintiff stated a cause of faction, we conclude the grant of summary judgment was correct, because revised LSA-C.C. art. 2323 does not establish the right of a tortfeasor to bring a third party demand against a co-employee of an injured party. Thus, as a matter of law, the third party defendant was entitled to a judgment dismissing the third party demands.
No Cause of Action/No Right of Action
There is no single exception of no right and/or no cause of action. They are separate and distinct exceptions, each serving a particular purpose, with different procedural rules. The exception of no cause of action raises the question of whether the law affords any remedy to the plaintiff under the allegations of the petition, while the exception of no right of action raises the issue of whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged by the plaintiff.
Franks v. Royal Oldsmobile Co., Inc., 605 So.2d 633, 634 (La.App. 5th Cir.1992) (citations omitted). While evidence is allowed to support or controvert an exception of no right of action, no evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. Zar v. Gaudet, 94-533, p. 2 (La.App. 5th Cir. 12/14/94), 648 So.2d 1012, 1013-14.

No Cause of Action

LSA-R.S. 23:1032(A) provides as follows:
(l)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or com-pensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
|7(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine. (Emphasis added).[1]
This exclusive remedy has been interpreted to mean that, although an employer’s or co-employee’s fault should be considered for purposes of determining the percentages *167 of fault of all persons contributing to an injury, a negligent employer (or co-employee) may not be forced to pay contribution to a negligent third party for injuring an employee. Gauthier v. O’Brien, 618 So.2d 825, 828 (La.1993), overruled by Cavalier v. Cain’s Hydrostatic Testing, Inc., 94-1496 (La.6/30/95), 657 So.2d 975[2]; see also Bazley v. Tortorich, 397 So.2d 475, 478 (La.1981). Accordingly, the law affords no remedy to such a plaintiff in such a suit. Therefore, DOTD has no independent cause of action for contribution against Mr. Clark, and the trial court was correct in sustaining the exception of no cause of action.
DOTD, however, argues on appeal that the recent supreme court decision in Keith v. U.S. Fidelity & Guar. Co., 96-2075 (La.5/9/97), 694 So.2d 180, interpreting Act 3 of the 1996 Extraordinary Legislative Session, amending LSA-C.C. art. 2323, gives it the right to bring a third party demand against an alleged joint tortfeasor, who is a co-employee of the injured party. We disagree.
In Keith, Floyd H. Keith, an employee of K & D Well Service (K & D), brought an action against Blaney’s Oilfield Specialty, Inc. and/or Blaney’s Oilfield Supply, Inc. (Blaney), the lessor/owner of equipment 1 «involved in a workplace accident. Keith alleged fault, negligence, and strict liability on the part of Blaney. Blaney and its insurer, also a defendant in the suit, denied liability and affirmatively pled that the accident was caused by the fault of Keith and his co-employees and, alternatively, that the accident was caused by the fault of K & D. Keith v. U.S. Fidelity & Guar. Co., 694 So.2d at 181. Mr. Keith, relying on the Cavalier ease, responded by filing a motion to strike the allegation that the accident was caused by the fault of K & D. The trial court granted the motion, and Blaney and its insurer unsuccessfully sought a supervisory writ from the Court of Appeal, Third Circuit. They also sought writs' from the Louisiana Supreme Court. The supreme court granted the writ for the purpose, .of reviewing the lower courts’ rulings and-to consider the continued efficacy of Cavalier in light of the 1996 legislative amendments regarding the quantification of employer fault in third party tort litigation. Keith v. U.S. Fidelity & Guar. Co., 694 So.2d at 181.
In Cavalier, the supreme court had overruled prior decisions of that court holding that LSA-C.C. art. 2324(B) mandated quantification of employer fault.[3] Shortly thereafter the state legislature, in an Extraordinary Session in early 1996, addressed this issue by amending LSA-C.C. art. 2323 to provide, in pertinent part, as follows:
A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person’s insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person’s | identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.
B. The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability. (Emphasis added).
*168 The supreme court in Keith determined that the clear pronouncement by the legislature made the holdings in Cavalier no longer applicable as to the quantification of fault “of all persons causing or contributing to the injury, death, or loss ... regardless of whether the person is a party to the action or a nonparty, and regardless of the person’s ... immunity by statute, including but not limited to the provisions of R.S. 23:1032[.]” Keith v. U.S. Fidelity & Guar. Co., 694 So.2d at 182. The court then addressed the question of whether the amendment should be applied retroactively or prospectively, and determined the changes were procedural, and could be applied retroactively. Nothing in Keith expressly states, or even implicitly indicates, that the amendment to LSA-C.C. art. 2323 now allows a third party tortfeasor to sue an immune employer or co-employee for contribution or indemnification. Accordingly, the trial court properly sustained the third party defendant’s exception of no cause of action.

No Right of Action

As previously stated, an exception of no right of action raises the issue of whether the plaintiff belongs to the particular class to which the law grants a remedy for a particular harm alleged by the plaintiff. Franks v. Royal Oldsmobile Co., Inc., 605 So.2d at 634. Because we have concluded that DOTD has no cause of action, we need not reach the exception of no right of action.
| ^CONCLUSION
For the foregoing reasons, the judgment of the trial court, granting Ms. Wingfield’s motion for partial summary judgment and exception of no cause of action in the Murray action, is affirmed. Costs of this appeal in the amount of $777.83 are assessed to the State of Louisiana, through the Department of Transportation and Development.
AFFIRMED.

. LSA-R.S. 23:1032 was amended in 1995, after this accident occurred. However, the exclusivity provision with regard to claims of an employee against his employer or co-employee, was in the statute before it was amended.

. The holding in Gauthier that employer fault should be quantified was overruled in Cavalier. Cavalier, however, was subsequently legislatively overruled in the 1996 Extraordinary Legislative Session by Act 3, which amended LSA-C.C. art. 2323.

. In Cavalier, the supreme court revisited Gau-thier, rejected its holding, and reinstated its determination in Guidry v. Frank Guidry Oil Co., 579 So.2d 947 (La.1991), and Melton v. General Electric Co., 579 So.2d 448 (La. 1991), that excluded the quantification of employer fault. Keith v. U.S. Fidelity & Guar. Co., 694 So.2d at 181.