868 So.2d 910 (2004)
Jim S. HALL
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, James A. Williams, Lawrence G. Willie and Janet Willie.
No. 03-CA-1333.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 2004.
*911 Jim S. Hall, Jim S. Hall & Associates, LLC, Metairie, LA, for Plaintiff/Appellant.
Nicole C. Palmisano, Law Offices of Mickey S. Delaup, Metairie, LA, for Defendant/Appellee (St. Paul Fire & Marine Insurance Company).
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and SUSAN M. CHEHARDY.
SOL GOTHARD, Judge.
In this appeal, plaintiff Jim Hall seeks review of a trial court ruling that granted a motion for summary judgment and dismissed all claims as to defendant St. Paul Fire and Marine Insurance Company (St. Paul). For reasons that follow, we affirm.
The facts are not in dispute. Jim Hall entered into an employment contract in conformance with La. R.S. 37:218 with Lawrence and Janet Willie for their legal representation in a tort suit against St. Paul. Mr. Hall represented the Willies from February 23, 1999 until May 5, 1999, when he was discharged. He did not record the contract in either Orleans Parish, where the suit was pending or in St. Tammany Parish, where the Willies are domiciled.
Subsequently, the Willies retained James Williams to represent them in the lawsuit. Mr. Williams filed suit in Orleans Parish and ultimately the claims were mediated and settled. Mr. Hall did not file an intervention for attorney fees due under the contract in that suit. On November 20, 2000, St. Paul issued two checks to satisfy the settlement. Neither check included Mr. Hall as a payee.
Mr. Hall filed suit in connection with the settlement agreement on December 9, 2002 against St. Paul, the Willies and Mr. Williams. In due course St. Paul filed a motion for summary judgment arguing that pursuant to La. R.S. 37:218, recordation of the employment contract is mandatory for recovery against a defendant in the main demand who was not a party to the contingency fee contract.
Mr. Hall filed an opposition to the motion, in which he conceded he neither filed the contract into the public records, nor intervened in the pending lawsuit. However, Mr. Hall maintained that answers to request for admissions show that St. Paul had actual knowledge of the contingency contract and of Mr. Hall's intent to enforce his lien.
After a hearing on the matter, the trial court found that St. Paul had actual knowledge of Mr. Hall's contract with the Willies, but because Mr. Hall neither recorded the contract nor filed an intervention in the lawsuit in conformance with the provisions of La. R.S. 37:218, St. Paul did not have constructive knowledge of the contract. Based on those findings, the court found as a matter of law, St. Paul was entitled to summary judgment. It is from that judgment that Mr. Hall appeals.
Summary judgment is appropriate when there are no genuine issues of material fact remaining to be decided and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Here there are no factual issues remaining. The contingency contract was not recorded nor made the subject of an intervention in the underlying suit. Mr. Hall did, however, notify St. Paul by certified mail on May 5, 1999 of his interest in the proceeds of any settlement. Thus, we must determine whether St. Paul is entitled to summary judgment as a matter of law.
La. R.S. 37:218 A provides as follows:
By written contract signed by his client, an attorney at law may acquire as *912 his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. Such interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition has been made.
We note that pursuant to the above cited statute an attorney may acquire an interest in a lawsuit of a client by contingency fee contract. That interest operates as a privilege on funds eventually obtained in the lawsuit. The interest is not an ownership interest in the lawsuit. Saucier v. Hayes Dairy Products, Inc. 373 So.2d 102, 117 (La.1978). Recordation under R.S. 37:218 A is not necessary for enforcement of a contingency contract between the attorney and the client. However to be effective against third parties, the contract must be recorded. Scott v. Kemper Insurance Company, 377 So.2d 66 (La. 1979). As explained by the Supreme Court in Scott 377 So.2d at 70:
The obvious intent of R.S. 37:218 is to prevent a client's discharging an attorney and thereby depriving the attorney of his earned fee. Therefore, if the attorney with a written contingency fee contract bearing the no consent stipulation "file(s) and records it with the clerk of court in the parish in which the suit is pending ...", then a defendant who disburses the settlement proceeds without ascertaining and paying the fee to which the attorney is due, will do so to his prejudice. The extinguishing effect of the settlement will therefore be suspended, as the Court of Appeal determined in this case, until recognition and payment of the fee to which the attorney is entitled, determined in accordance with the principles established in Saucier.
Unlike the situation in Calk, where recordation of the contingency fee contract is irrelevant in a contest between an attorney and the client's creditor, imposition of an obligation upon the client's obligor in the suit to retain settlement funds until determination of fee entitlement, is dependent upon the attorney's full compliance with R.S. 37:218, including the recordation of the contract as stipulated therein.
Mr. Hall acknowledges the law and jurisprudence require compliance with the terms of La. R.S. 37:218 to impose an obligation upon the client's obligor. However, he urges this court to rule that noncompliance will bind the obligor where actual knowledge is shown. We find no justification for such an extension of the law. The statute is clear and the applicable jurisprudence is consistent. While recordation is not necessary for the attorney to maintain a privilege on any compromise or settlement funds, compliance with the recordation provision of the statute or an *913 intervention in the underlying lawsuit is required for imposition of liability on a third party. See; Hawthorne v. National Union Fire Insurance Company, 562 So.2d 473 (La.App. 3 Cir.1990), writ denied, 567 So.2d 103 (La.1990), Ruiz v. Williams, 425 So.2d 929 (La.App. 4 Cir. 1983). In this case, Mr. Hall neither recorded the contract in the public records nor intervened in the lawsuit when it was filed. Therefore, we find the trial court was correct in the grant of the summary judgment as to St. Paul.
AFFIRMED.