PAUL A. BONIN, Judge.
 

 pThe trial court granted summary judgment in favor of the plaintiff, Debra Warner (“Ms. Warner”), the holder of a promissory note
 
 [1]
 
 , and against the defendants, Alex Enterprises, Inc., and Louis T. Age (“Mr. Age”), the solidary obligors on the note. The judgment arguably awards the total unpaid principal, contractual interest, attorney’s fees and judicial interest on the aggregated amount.
 
 [2]
 
 The judgment also dismissed the defendants’ reconventional demand against the plaintiff.
 
 [3]
 
 After the trial court denied a motion for new trial, the defendants timely sought and obtained an order of suspensive appeal.
 
 [4]
 
 For the following reasons, we affirm the judgment.
 

 FACTS
 

 Alex Enterprises, Inc., and Mr. Age obligated themselves
 
 in solido
 
 to repay Ms. Warner $73,875.00 with interest at 9% per annum in consecutive equal monthly installments of $749.29, beginning June 1, 1995 until paid. There are |2three additional features to the note that are pertinent to the disposition of this case: (1) an optional acceleration clause in the event any one installment is overdue, (2) the holder’s consent to any and all extensions of time for payment, and (3) payment of 20% attorney’s fee calculated on the balance of the principal and interest due.
 

 
 *924
 
 Following Hurricane Katrina, the defendants failed to pay the monthly installments for the months of September, October, and November 2005. In December 2005, Ms. Warner granted the defendants’ request to extend the time for payment of these three installments “to the end of the contract.” The December 2005 installment was paid and the parties engaged in some negotiations about a pay-out or a pay-off. The defendants failed to pay the January 2006 installment, and, in February 2006, Mr. Age sent Ms. Warner a cashier’s check for $29,000.00, offering it in full payment to obtain cancellation of the note and the inscription of the mortgage.
 

 Ms. Warner informed Mr. Age almost immediately, in writing, that the amount was deficient by $11,092.61, but that she would forward “the paid note and the titles to the building” upon her receipt of the balance. Not receiving the additional funds, she returned the cashier’s check to Mr. Age. By this time, the January 2008 payment was overdue and the February 2008 payment was about to be overdue.
 

 Mr. Age then tendered a check to the plaintiff for $3,745.00 which he stated represented installment payments for September, October, and November 2005 and | ¡¡for January and February 2006. This tender was returned to Mr. Age. He responded by letter dated March 28, 2006 that considering he could not force Ms. Warner to accept that amount “which would have paid current all payments,” he would “hold them in escrow until this matter is settled.” Ms. Warner filed suit on the note on April 19, 2006. On August 21, 2006, Mr. Age deposited into the court’s registry $8,242.19, which represents an amount equal to the number of months for which no installment payments had been made times the monthly installment amount.
 
 [5]
 

 DISCUSSION
 

 Appellate courts review summary judgments
 
 de novo
 
 under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.
 
 King v. Parish Nat’l Bank,
 
 04-0337, p. 7 (La.10/19/04), 885 So.2d 540, 545. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). Favored in Louisiana, the summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, and should be construed to accomplish those ends. La. C.C.P. art. 966(A)(2).
 

 LAs their first assignment of error, the defendants argue that “the trial court’s failure to make a finding that there were genuine disputes of material facts was manifestly erroneous.” We construe this assignment as a request that we review the summary judgment
 
 “de novo,”
 
 which is the applicable standard of review.
 
 See King v. Parish Nat'l Bank, supra,
 
 04-0337 at p. 7, 885 So.2d at 545. We understand the defendants’ argument to be whether there was a “novation” extinguishing the existing obligation by the substitution of a new one and that there is a genuine issue of material fact regarding the novation.
 

 “Novation is the extinguishment of an existing obligation by the substitution of a
 
 *925
 
 new one.” La. Civ.Code art. 1879. “The intention to extinguish the original obligation must be clear and unequivocal. No-vation may not be presumed.” La. Civ. Code art. 1880. La. Civ.Code. art. 1881 provides:
 

 Novation takes place, when by agreement of the parties, a new performance is substituted for that previously owed, or a new cause is substituted for that of the original obligation. If any substantial part of the original performance is still owed, there is no novation.
 

 Novation takes place also when the parties expressly declare their intention to novate an obligation.
 

 Mere modification of an obligation, made without intention to extinguish it, does not effect a novation. The execution of a new writing, the issuance or renewal of a negotiable instrument, or the giving of new securities for the performance of an existing obligation are examples of such a modification.
 

 The evidence in the record indicates that no cancellation or substitution of the original promissory note and its outstanding obligations ever occurred. Thus, we find no novation in this case. The first assignment of error is without merit.
 

 |BThe defendants argue in the second assignment that the trial court’s failure to find that Ms. Warner failed to “mitigate her damages” by not accepting the tendered payments was manifestly erroneous. We construe the defendants’ argument to be that Ms. Warner’s “recovery” should be diminished based on her refusal to accept the tender of past due or overdue payments. However, we have reviewed the record and find that the issue of mitigation of damages was not raised by Mr. Age in the trial court in his pleadings, in his opposition to the motion for summary judgment, or in his motion for new trial. Generally, issues not raised in the trial court will not be given consideration for the first time on appeal. See Rule 1-3, Uniform Rules—Courts of Appeal. Therefore, we will not consider the second assignment of error.
 

 The defendants state their third assignment of error as, “[wjhether the tidal court’s failure to first subtract the monthly payments escrowed, since these payments contain interest therein per contract, by [Mr.] Age from the principal balance, then calculate attorney’s fees from the balance, and thereafter add judicial interest on the balance is manifestly erroneous.” The defendants, however, have not briefed this assignment and, therefore, we deem it as abandoned. See Rule 2-12.4, Uniform Rules—Courts of Appeal.
 

 Nonetheless, it appears the defendants are contending that some or all of the $8,242.19 deposited by Mr. Age into the registry of the court should have been credited to the principal amount owed to Ms. Warner before the court calculated the 20% attorney’s fees due to Ms. Warner. Had Mr. Age
 
 unconditionally
 
 tendered the funds to Ms. Warner before she engaged the services of an attorney, then the funds could have been credited against the outstanding principal and interest before the calculation of the contingency percentage. However, these Rfunds were only deposited
 
 after
 
 the entire balance of the note had been accelerated, an attorney engaged, and suit filed. Also, at the time the funds were escrowed, Mr. Age had filed a reconventional demand for damages against Ms. Warner and it does not appear that she had access to the escrowed funds at anytime before the rendition of the summary judgment. Thus, the assignment or error is without merit.
 

 AMENDMENT TO JUDGMENT
 

 The judgment from which this appeal lies awards interest from the date of
 
 *926
 
 judgment. However, the judgment did not stipulate whether the interest rate is at the judicial or conventional rate and whether it is to be calculated on the principal amount alone or also on accrued interest as of the date of the judgment. Although no party has raised the issue, we are authorized to “render any judgment which is just, legal, and proper upon the record on appeal.” La. C.C.P. art. 2164.
 

 The promissory note provides for repayment of the principal “with interest at the rate of 09% per annum”. The maker and surety are obliged to repay the amount until “principal and interest, has been paid in full.” The obligors also “agree to pay an attorney’s fee of twenty percent on the amount of the note, on the principal and interest.”
 

 Ms. Warner in her petition prayed for judgment against Alex Enterprises and Mr. Age,
 
 in solido,
 
 “for the principal sum of [$34,649.22], together with interest accrued through April 17, 2006, in the amount of [$1,922.31], at the rate set forth under the Note until all principal due under the Note is paid, attorney’s fees of 20 percent of the amount of principal and interest due on the Note, all costs associated with said attorney’s fees, and all costs of this proceeding.”
 

 |7We apply the provisions of La. C.C. art. 1921: “The Court shall award interest in the judgment as prayed for or as provided by law.” We are also mindful of La. C.C. art. 2001 which provides that “[i]nter-est on accrued interest may be recovered as damages only when it is added to the principal by a new agreement of the parties made after the interest has accrued.”
 

 Therefore, in order to render a judgment which removes any doubt as to the issues of the rate of interest and the amount on which it is to be calculated, we amend the trial court judgment on the principal demand so that it reads as provided in the Decree below.
 

 DECREE
 

 Accordingly, we amend the judgment on the principal demand to read as follows:
 

 IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Debra Frances Warner, and against the defendants, Alex Enterprises, Inc. and Louis Theodore Age, Jr., jointly, severally and
 
 in solido,
 
 in the principal sum of THIRTY-FOUR THOUSAND SIX HUNDRED FORTY-NINE AND 22/100 ($34,649.22) DOLLARS, with interest thereon at the rate of nine (9%) percent per annum, from October 1, 2005 until paid, plus attorney’s fees in the amount of twenty (20%) percent on all principal and interest due, and for all costs of these proceedings.
 

 In all other respects, the judgment of March 20, 2008 is affirmed.
 

 JUDGMENT AMENDED AND AS AMENDED AFFIRMED.
 

 [1]
 

 . The promissory , note was paraphed "Ne Varietur” with an act of sale and mortgage, but the suit did not seek recognition and enforcement of the mortgage.
 

 [2]
 

 . The appellants have not assigned as error the trial court's calculation of judicial interest on contractual interest.
 

 [3]
 

 . The appellants have not assigned as error the dismissal of their reconventional demand.
 

 [4]
 

 .The order set the suspensive appeal bond at $35,000.00, which is considerably less than the aggregated amount of the money judgment.
 
 See
 
 La. C.C.P. art. 2124(B)(1). The record does not disclose whether the suspen-sive appeal bond was timely filed or whether, if timely filed, its sufficiency was tested.
 
 See
 
 La. C.C.P. art. 2088(5).
 

 [5]
 

 . The record is unclear what, if any, conditions or restrictions Mr. Age placed on the withdrawal of these funds from the court’s registry.