NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 10-16

JOHN CARR GARRISON, JR., ET AL.

VERSUS

TONI MARIE TROST D/B/A LAKEVIEW PROPERTIES

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-2629
HONORABLE R. RICHARD BRYANT, JR., DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

Skipper Maurice Drost
550 North Huntington Street
Sulphur, LA 70663
(337) 528-9438
Counsel for Plaintiffs/Appellants:
John Carr Garrison, Jr.
Ramona Wilhite Garrison

**Charles Schrumpf**
**Schrumpf & Schrumpf**
**3801 Maplewood Drive**
**Sulphur, LA 70663**
**(337) 625-9077**
**Counsel for Defendant/Appellee:**
**Toni Marie Trost D/B/A Lakeview Properties**

**EZELL, JUDGE**.

John Garrison appeals the decision of the trial court granting summary judgment in favor of Toni Trost in this dispute over prepayment penalties arising from a sale via vendor's lien. For the following reasons, we hereby affirm the decision of the trial court.

On June 19, 2003, Mr. Garrison purchased property from Ms. Trost by way of a vendor's lien. The agreement between the parties explicitly stated that there was no right to prepay the note. The penalty agreed to by the parties for prepayment was "the amount of the interest then due over the remainder of the life of the note." In 2006, Mr. Garrison relocated to Florida, selling the property and incurring the prepayment penalty provision of the agreement. The total penalty at the time was $73,152.16. The parties negotiated the amount down to $44,104.60, with Mr. Garrison tendering the amount while simultaneously demanding the penalty be returned. Mr. Garrison then filed the current suit in an attempt to recover the prepayment penalty. Ms. Trost filed a motion for summary judgment seeking to have the suit dismissed. The trial court granted summary judgment in her favor. From that decision, Mr. Garrison appeals.

Mr. Garrison asserts one assignment of error on appeal; that the trial court erred in finding that Ms. Trost was entitled to summary judgment as a matter of law.

> Summary judgments are reviewed *de novo* on appeal, with the reviewing court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Power Marketing Direct, Inc. v. Foster*, 05-2023 (La.9/6/06), 938 So.2d 662, 669; *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730, 750.

> A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."

1

La.Code Civ. Proc. art. 966(B).

*Louisiana Safety Ass'n of Timbermen Self-Insurers Fund v. Louisiana Ins. Guar. Ass'n*, 09-23, p.5 (La. 6/26/09), 17 So.3d 350, 353-54.

Mr. Garrison claims in brief that the terms of the vendor's lien violate various statutes concerning prepayment penalties, consumer credit transactions, and consumer loans that apply to mortgage lenders. Mr. Garrison even includes statutes he admits are inapplicable to this case. Mr. Garrison did not raise any of these claims before the trial court in opposition to Ms. Trost's motion for summary judgment, nor did he raise them in the summary judgment hearing, instead relying on a now abandoned argument concerning usury. When a party does not raise an issue in the trial court in pleadings, in an opposition to a motion for summary judgment, or in a motion for new trial, that issue is not preserved for consideration on appeal. *Warner v. Alex Enter., Inc.*, 08-929 (La.App. 4 Cir. 1/28/09), 4 So.3d 922; *see also* Rule 1-3, Uniform Rules--Courts of Appeal. However, we will briefly address the only cogent claims, alleged violations of consumer credit transaction and residential mortgage loan law, out of an abundance of caution, as Mr. Garrison did make a generic, blanket assertion in his petition which could be deemed as having raised these issues.

Mr. Garrison claims the terms of the vendor's lien violate the terms of the Residential Loan Acts of 2003 and 2009. The 2009 Act does not apply to this litigation, as the loan in question was made in 2003 and the act is not retroactive. The 2003 act does not apply, as the vendor's lien is not a "federally related mortgage loan" as covered by the act, as Ms. Trost is not a bank regulated or insured by the federal government, nor is she "creditor, as defined in Section 103(f) of the federal Consumer Credit Protection Act (15 U.S.C. § 1602(f)), who makes or invests in consumer real estate loans aggregating more than one million dollars per year."

2

La. R.S. 6:1083(6)(d). Nor does Louisiana Consumer Credit Law apply, as the parties did not opt into that law in accordance with Louisiana Revised Statutes 9:3514; this is not a consumer credit sale under Louisiana Revised Statutes 9:3516(12), as the sale involves immovable property; and, most importantly, Ms. Trost is not a licensed lender under the statute. Mr. Garrison, in an attempt to escape paying penalties he not only agreed to, but negotiated down, is simply attempting to apply law intended for banks and other lending institutions to Ms. Trost, who was acting merely as an individual unencumbered by those statutes. Mr. Garrison has failed to present any valid argument that the prepayment penalty established by the vendor's lien violated any law of this State. The trial court was correct in granting Ms. Trost's motion for summary judgment.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Mr. Garrison.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.