JOY COSSICH LOBRANO, Judge.
h Plaintiff, Patrick D. Breeden, appeals the trial court judgment, granting the exception of no cause of action filed on behalf of General Insurance Company of America, and the exception of no cause of action and no right of action filed on behalf of CUNA Mutual Insurance Agency, Inc.
On June 6, 2010, Mr. Breeden filed a petition against his former clients, Mary Weber Crumes and Oliver S. Crumes, for amounts allegedly owed to him for legal fees and costs. He also named as defendants CUNA Mutual Group and Safeco Lloyds Insurance Company, and requested that they be ordered to give an accounting relative to a settlement check issued by Safeco on August 30, 2007, which was made payable to Mr. Breeden and his former clients, but which was never negotiated.
Mr. Breeden’s petition presented the following allegations. On January 11, 1995, the New Orleans Municipal Employees Federal Credit Union (“NOME”) filed a lawsuit against the Crumeses on a note and for recognition of a mortgage. On September 15, 2003, Mr. Breeden, on behalf of the Crumeses, filed a lawsuit 12“to enjoin the sale, annul the judgment, for an accounting and for legal fees.”[1] Mr. Bree-den alleged that he and the Crumeses entered into a contract for his legal services, but stated that he has not been able to locate a copy of that contract for this lawsuit. Mr. Breeden further alleged that he obtained a preliminary injunction suspending the sale of the Crumeses’ property, and that NOME was subsequently paid $24,000.00 by the forced-placed insurer, General Insurance Company of America (“GICA”).
On August 22, 2006, Mr. Breeden, on behalf of the Crumeses, filed a petition against NOME and GICA. That case was subsequently removed to federal court. Mr. Breeden alleged that he learned, after filing the 2006 lawsuit, that NOME had been taken over by GTE Federal Credit Union and that CUNA Mutual Group provided services to GTE. One of those services was to obtain a policy of insurance by Portfolio Securities, Inc. from GICA.
The Crumeses’ case in federal court was ultimately settled. Safeco Lloyds Insurance Company issued a check on August 30, 2007, payable to CUNA Mutual Group, Mary and Oliver Crumes and Patrick D. Breeden, in the amount of $11,950.00, representing the amount owed for additional damage to the Crumeses’ home that had not been previously paid to NOME. According to Mr. Breeden, this check was never cashed or endorsed by anyone, and a copy of the check was attached to Mr. Breeden’s petition. Mr. Breeden alleged that he tried to get the |aCrumeses to endorse the August 30, 2007 check, and to pay his fees and costs due to him, but was unsuccessful.
Mr. Breeden alleged that as of July 23, 2009, the Crumeses owed him $17,753.60 for fees and costs for the 2003 case, and $6,396.60 for fees and costs for the 2006 case. On July 29, 2009, an attorney for NOME allegedly told Mr. Breeden that Mary Crumes informed him that Mr. Breeden no longer represented her or her husband, and that Mrs. Crumes wanted to meet with him that same day to settle the remainder of their claims with NOME. The NOME attorney later told Mr. Bree- *135 den that the Crumeses indicated to him that they would pay Mr. Breeden’s bill. Mr. Breeden contends that no agreement has been reached with the Crumeses for the-payment of his outstanding bill, and he has withdrawn as counsel of record in the 2003 case he filed on behalf of the Crumes-es.
Mr. Breeden alleged that he later learned through the same NOME attorney that the Crumeses endorsed a “substantial check” to the NOME attorney. A total of $2,700.00 of the check proceeds were turned over to the NOME attorney, with the Crumeses keeping the remainder of the funds. The NOME attorney did not disclose to Mr. Breeden the amount of the check, the maker of the check or any other facts concerning the check. Mr. Breeden subsequently wrote to Safeco’s attorney, relating what he heard about this check and inquiring as to whether Safeco had reissued the check originally issued on August 30, 2007, without Mr. Breeden’s name listed as a payee. Mr. Breeden has not received any response to his letter or to numerous phone messages left with Safe-co’s attorney as to why his |4name was left off the reissued settlement check received by the Crumeses. Mr. Breeden stated that he did not give permission to Safeco to reissue the check without his name listed as a payee.
On July 31, 2009, Mr. Breeden wrote a letter to the Crumeses, advising them of fees and costs they still owed to him for the two lawsuits filed on their behalf, and informing them of his conversations with the NOME attorney. Mr. Breeden alleged that he has received no payment from the Crumeses for his legal services despite numerous open account demand letters he has sent to them.
CUNA Mutual Insurance Agency, Inc. filed an answer and exceptions of no right of action and no cause of action in response to Mr. Breeden’s petition. In this filing, CUNA Mutual Insurance Agency (hereinafter referred to as “CUNA”) noted that it was incorrectly referred to in Mr. Breeden’s petition as CUNA Mutual Group. In its memorandum in support of it exceptions, CUNA argued that Mr. Breeden did not allege any facts that would create any duty or breach of such duty that CUNA owed to Mr. Breeden. CUNA argued that there are no allegations in Mr. Breeden’s petition that CUNA received any funds from any alleged second check or played any role in causing the alleged second check to be issued. CUNA noted that according to Mr. Bree-den’s allegations, the funds from the alleged second check were paid to the Crumeses after payment of the remaining obligations to NOME. According to CUNA, the alleged facts do not create any liability on the part of CUNA for any accounting, damages or attorney’s fees.
| (¡In GICA’s answer to Mr. Breeden’s petition, it stated that it was incorrectly named as “Safeco Lloyds Insurance Company” in the petition. GICA filed an exception of no cause of action to Mr. Bree-den’s petition. In its memorandum in support of its exception, GICA stated that Mr. Breeden failed to comply with the required elements of La. R.S. 37:218(A), which elements it alleged are necessary for Mr. Breeden to state a cause of action against GICA. La. R.S. 37:218(A) provides:
By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. Such interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and secu *136 rity interests under Chapter 9 of the Louisiana Commercial laws. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client’s domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition has been made.
GICA stated that Mr. Breeden has not produced a written contract, offered evidence that there was a “mutual consent to settle” clause in a contract between him and the Crumeses, or, most importantly, filed a contract for fees into the ^record before settlement was consummated. Without recordation of a written fee contract between Mr. Breeden and the Crumeses, GICA argued that Mr. Breeden has no cause of action against GICA. GICA noted that Louisiana law requires that an attorney’s fee contract must be recorded to be effective against third parties. Hall v. St. Paul Fire & Marine Ins. Co., 08-1333 (La.App. 5 Cir. 2/23/04), 868 So.2d 910, 912, citing Scott v. Kemper Insurance Company, 377 So.2d 66 (La.1979). CUNA subsequently filed a motion to adopt the arguments set forth by GICA, and this motion was granted by the trial court.
In opposition to the exceptions, Mr. Breeden argued that La. R.S. 37:218(A) is not applicable in this case because the check that is the subject of this litigation was issued in settlement of a case that was removed to federal court. He argued that La. R.S. 37:218(A) would only be applicable if the check had been issued in settlement of a state court case. Mr. Breeden noted that it is the custom in federal court for the plaintiffs attorney’s name to be put on the settlement check so that the attorney for the plaintiff can take out his fees and costs. He further argued that Safeco (GICA) violated that federal court custom by issuing a second check directly to the Crumeses and their insurer, without including Mr. Breeden’s name on that check. He also argued that CUNA did receive monies from the negotiation of the second check and actively participated in a conspiracy to deprive Mr. Breeden of his fees and costs owed to him by the Crumeses.
GICA filed a reply memorandum to Mr. Breeden’s opposition, in which it disputed Mr. Breeden’s contention that La. R.S. 37:218(A) does not apply in this |7case. GICA noted that La. R.S. 37:218(A) does not state that it is limited to lawsuits filed in state court.
Following a hearing, the trial court rendered judgment on March 31, 2011, maintaining the exception of no cause of action filed on behalf of GICA (incorrectly referred to in the petition as Safeco Lloyds Insurance Company), and also maintaining the exceptions of no right of action and no cause of action filed on behalf of CUNA Mutual Insurance Agency, Inc. (incorrectly referred to in the petition as CUNA Mutual Group). The trial court stated at the hearing that the exceptions were being maintained because the law requires that an attorney’s fee contract must be produced and recorded in order to be enforced against third parties, such as CUNA and GICA in this case. The trial court dismissed Mr. Breeden’s action *137 against these two parties, and designated the judgment as final pursuant to La. C.C.P. article 1915(B)(1). Mr. Breeden’s timely appeal followed.
On appeal, Mr. Breeden argues that the trial court erred in naming the wrong party defendants in its judgment. Specifically, Mr. Breeden argues that the insurance company defendants he named in his petition, i.e. Safeco Lloyds Insurance Company and CUNA Mutual Group, are the proper party defendants, and not GICA and CUNA as named in the judgment.
The record reveals that Mr. Breeden’s petition requested that service be made on CUNA Mutual Group in Madison, Wisconsin and on Safeco Lloyds Insurance Company through the Louisiana Secretary of State’s office in Baton Rouge, Louisiana. CUNA answered Mr. Breeden’s petition, and stated that it was | incorrectly referred to in the petition as CUNA Mutual Group. GICA answered the petition, and stated that it was incorrectly referred to in the petition as Safeco Lloyds Insurance Company. In response to the exceptions filed by CUNA and GICA, Mr. Breeden filed memoranda, but at no time challenged these defendants’ assertions that they were incorrectly referred to by other names in the petition. Furthermore, at the hearing on the exceptions, Mr. Bree-den did not offer any objection when the attorneys arguing the exceptions stated that they were doing so on behalf of CUNA and GICA.
Once the answers filed in response to Mr. Breeden’s petition stated that the defendants named in the petition were incorrectly referred to by other names, it was incumbent upon Mr. Breeden to raise, in the trial court, the issue that the insurance companies he named as defendants were the correct parties, rather than the companies that made appearances in this lawsuit after being served with Mr. Breeden’s petition. He did not do so, but instead raises this issue for the first time on appeal. Generally, issues not raised in the trial court will not be given consideration for the first time on appeal. Warner v. Alex Enterprises, Inc., 08-0929, p. 5 (La.App. 4 Cir. 1/28/09), 4 So.3d 922, 925; Rule 1-3, Uniform Rules — Courts of Appeal. Accordingly, this argument will not be considered.
Mr. Breeden also argues that the trial court erred in granting the exception of no cause of action in favor of GICA, and the exceptions of no cause of action and no right of action in favor of CUNA. The exception of no cause of action raises the question of whether the law affords any remedy to the plaintiff under the ^allegations of the petition, while the exception of no right of action raises the issue of whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged by the plaintiff. Wingfield v. State, Department of Transportation and Development, 97-1567(La.App. 1 Cir. 6/29/98), 716 So.2d 164, 166. An appellate court reviews the granting of exceptions of no cause of action and no right of action de novo because these exceptions involve questions of law. B-G & G Investors VI, L.L.C. v. Thibaut HG Corp., 08-0093, p. 2 (La.App. 4 Cir. 5/21/08), 985 So.2d 837, 840.
The exception of no cause of action is triable on the face of the petition and attached documents; no evidence may be introduced to support or controvert the exception. B-G & G Investors VI, L.L.C. v. Thibaut HG Corp., 08-0093, pp. 4-5 (La.App. 4 Cir. 5/21/08), 985 So.2d 837, 841, citing Spellman v. Desselles, 596 So.2d 843, 845 (La.App. 4 Cir.1992). For the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Id., citing Cleco Corp. v. Johnson, *138 01-0175, p. 3 (La.9/18/01), 795 So.2d 302, 304.
In the instant ease, GICA and CUNA argue that their exceptions of no cause of action were properly maintained because Mr. Breeden failed to record the written fee contract between him and the Crumeses pursuant to the provisions of La. R.S. 37:218, and without such recordation, the fee contract is not effective as to third parties. Mr. Breeden acknowledges that he did not seek a privilege for his attorney’s fees under La. R.S. 37:218, but argues that it was unnecessary for him to |indo so. After noting that his name was included on the first check issued in settlement of the Crumeses’ federal court litigation, which was never negotiated, he argues that he did not give Safeco or anyone else permission to remove his name from the second settlement check. According to Mr. Breeden, the failure of Safeco (GICA) to include Mr. Breeden’s name on the second check violated the custom observed in federal court settlements to include the plaintiff’s attorney’s name on settlement checks. Mr. Breeden argues that CUNA participated in an alleged conspiracy to deprive Mr. Breeden of fees owed to him for his earlier representation of the Crumeses.[2]
Mr. Breeden’s arguments are without merit. While recordation of an attorney’s fee contract under La. R.S. 37:218 is not necessary for enforcement of the contract between the attorney and his client, the contract must be recorded to be effective against third parties. Hall v. St. Paul Fire and Marine Insurance Company, 03-1333 (La.App. 5 Cir. 2/23/04), 868 So.2d 910, 912, citing Scott v. Kemper Ins. Co., 377 So.2d 66 (La.1979); Francis v. Hotard, 00-0302 (La.App. 1 Cir. 3/30/01), 798 So.2d 982. In this case, it is undisputed that Mr. Breeden did not record the fee contract between him and the Crumeses nor intervene in the federal court litigation to recover his attorney’s fees. Thus, there was no obligation or duty on the part of the insurance company defendants in this matter to include Mr. Breeden on the check issued in settlement of the Crumeses’ federal court Inlitigation.[3] Moreover, the insurance company defendants did not owe Mr. Breeden a duty to disclose the amount of settlement or to monitor the disbursement of the settlements funds between Mr. Breeden and the Crumeses because there was no special fiduciary relationship between Mr. Breeden and the insurance company defendants in this case. See Becnel v. Grodner, 07-1041 (La.App. 4 Cir. 4/2/08), 982 So.2d 891.
Accepting all of the allegations in Mr. Breeden’s petition as true, we conclude that his petition fails to allege facts sufficient to state a cause of action against either GICA or CUNA. Thus, the trial court correctly maintained the exceptions of no cause of action filed by these two parties. Because of our conclusion that Mr. Breeden’s petition does not state a cause of action against GICA or CUNA, we need not address the issue of the trial court’s granting of the exception of no right of action filed by CUNA because the analysis of an exception of no right of action assumes that the petition states a *139 valid cause of action. B-G & G Investors VI, L.L.C. v. Thibaut HG Corp., 08-0093, p. 3 (La.App. 4 Cir. 5/21/08), 985 So.2d 837, 840.
Mr. Breeden’s alternative argument that he should be allowed to amend his petition to remove the grounds of the objection pleaded by the exceptions in this case is without merit. La. C.C.P. article 934 states, in pertinent part, “[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by |12amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.” The grounds of the objection in this case cannot be so removed because Mr. Breeden did not comply with the requirements of La. R.S. 37:218 and failed to allege any facts that would create any duty that the insurance company defendants owed to him.
For the reasons stated above, the trial court judgment is affirmed.
AFFIRMED

. The 2003 petition is not in the record before us. The petition in the instant case states that the September 15, 2003 petition was made part of the petition in this case by reference.

. It is undisputed that the judgment appealed from has no effect on Mr. Breeden's claims against the Crumeses for attorney’s fees and costs allegedly owed to him.

. Although the instant case involves a dispute between a plaintiff's attorney and third party insurance companies, we note that this Court has held that Louisiana law does not impose an affirmative duty upon defense attorneys to ensure the inclusion of an attorney as a payee on the check of a settling defendant. See Becnel v. Grodner, 07-1041, p. 5 (La.App. 4 Cir. 4/2/08), 982 So.2d 891, 895.