COOKS, Judge.
The sole issue before us concerns whether the plaintiffs abandoned their lawsuit by failure to take any steps to prosecute it for a period of five (5) years. The trial court ruled the action abandoned and dismissed plaintiffs’ suit. We reverse.
G. Rheese Collins, Doris Collins Cranford and Andrew J. Cranford filed suit in 1983 *314 seeking past due rent and damages from defendants. Following trial on June 18, 1984, the judge rendered a written opinion partially in plaintiffs’ favor recognizing their entitlement to receive $15,000.00 in past due rent from the defendants, plus interest from the date of judicial demand until paid. Andrew Cranford testified that immediately after issuance of the trial judge’s written opinion in 1984, a judgment was sent to the court for signature. During the years which followed, Cranford stated he returned to the Clerk of Court’s office numerous times to determine whether the judgment had been signed. However, the case file was missing. According to Cranford, upon finding the missing file and noticing it did not contain a judgment, he immediately presented a judgment to the trial court. This judgment was signed and filed on July 14, 1992. Defendants filed a motion to nullify the judgment on the grounds of untimely prosecution or abandonment. After a hearing, the Court granted the motion dismissing plaintiffs’ lawsuit as abandoned and ordered annulment of the July 14, 1992 judgment.
Plaintiffs filed this appeal claiming the trial court erred in setting aside the July 14, 1992 judgment. They urged Louisiana Code of Civil Procedure Article 561 is not applicable to this ease’s procedural facts. This article reads in pertinent part as follows:
“A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, unless it is a succession proceeding:
(1) Which has been opened;
(2) In which an administrator or executor has been appointed; or
(3) In which a testament has been probated.
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal.”
The trial court found no formal steps were taken in the prosecution or defense of this matter for well in excess of five years. Thus, he dismissed plaintiffs’ lawsuit. We find the trial judge’s decision was clearly erroneous. The jurisprudence is well settled where a case has been “submitted for decision” the statute relating to abandonment is inapplicable. Byrant v. The Travelers Insurance Co., 288 So.2d 606 (La.1974); Barton v. Burbank, 138 La. 997, 71 So. 134 (1916); Putch v. Straughan, 397 So.2d 38 (La.App. 2d Cir. 1981), writ denied 401 So.2d 976 (La.1981); Washington v. Harvey, 124 So.2d 240 (La. App. 2d Cir.1960).
In Barton, supra., the Louisiana Supreme Court noted the idea behind the abandonment statute is to “hold a plaintiff responsible for delay attributable to his nonaction in and failure to prosecute his suit up to the point at which the court is placed in a position to render judgment.” In this case, the trial court was placed in a position to render judgment. In fact, it rendered written reasons for judgment. For reasons which are not clear to us from the record, final judgment was not signed by the trial court until eight years later. Assigning fault for this obvious neglect will not affect the outcome of the case. Positive action was taken by plaintiffs in furthering the progress of the suit and bringing it to a point where it was ripe for decision. Plaintiffs’ timely prosecution of the lawsuit sufficiently complied with the abandonment statute. As a consequence, they are legally excused from its penal effect.
Therefore, the trial court’s judgment dismissing plaintiffs’ suit is reversed and the judgment signed on July 14, 1992 is hereby reinstated. All costs of this appeal are assessed to defendants-appellees.
REVERSED AND RENDERED.