DANIEL L. DYSART, Judge.
| plaintiff-appellant, James S. Alderdice (“Alderdice”), appeals a judgment granting Peremptory Exceptions of No Cause and No Right of Action filed by defendant-appellee, Board of Supervisors of Louisiana State University and Agricultural and *9 Mechanical College (“Board”). For the reasons that follow, we affirm.
FACTUAL BACKGROUND
The underlying facts of this lawsuit are not in serious dispute, although we must rely on the assertions of the parties with respect to many of the events in this lawsuit as the record contains no documents supporting the chronology of events. Al-derdice submits (and the Board does not dispute) that on August 20,1997, Alderdice sold property located at 2327 Palmyra St., New Orleans, Louisiana (“the Property”), to Thelma Bickham, pursuant to a credit sale, which was timely recorded in the public records. After Ms. Bickham’s death in 2007, her heirs were placed in possession of the property and assumed the notes on the property. According to Alderdice, the Bickham heirs made no payments on the note after |?“late 2008” and Alderdice filed suit against the Bickham heirs for the defaulted note.[1]
According to both parties, on August 13, 2010, the Board filed a Petition for Expropriation and Notice of Lis Pendens, which is pending in Civil District Court for the Parish of Orleans. Apparently, and as was reported during one of the hearings giving rise to this appeal, Alderdice has intervened in the Board’s expropriation suit. The record contains no information regarding the status of the expropriation proceedings.
In the expropriation suit, the Board reportedly obtained a judgment dated August 27, 2010, by which title to the Property was transferred to it and the Board deposited $6,655.00 into the registry of the court, the amount which the Board submits was “just compensation ... for the taking of the subject property as determined by the Board’s independent appraisers.” [2] This sum reportedly sits in the registry of the court. The judgment also apparently provided that the Bickham heirs were to satisfy “any and all liens, mortgages and encumbrances” on the Property, specifically listing the credit sale between Alderdice and Thelma Bickham.
The record does not demonstrate the date on which Alderdice learned of the expropriation and he submits that he became aware of it only after checking on the property and discovering that it had been demolished. Alderdice then instituted the instant action on February 26, 2011, by way of a Petition to Annul Judgment | s(“ original Petition”), in which he named the Board and the Bickham heirs as defendants. In his original Petition, Alderdice alleged that he was never notified of the expropriation proceedings, to which he claims to have been an indispensable party, and he sought to have the August 27, 2010 judgment annulled and set aside.
In response to the original Petition, the Board filed Peremptory Exceptions of No Cause and No Right of Action, which were heard and orally granted by the trial court on October 7, 2011. Shortly before the hearing, Alderdice amended his Petition to allege that the Board had a duty to notify him of the expropriation proceedings and of the Property’s demolition, the lack of which “stripped [him] of his constitutional *10 ly protected property rights.” The amended petition sought, in the alternative, damages resulting from the Board’s “negligent failure to notice [him] before demolishing the Property.” The Board replied its Peremptory Exceptions, and after a hearing on October 21, 2011, the trial court rendered judgment in favor of the board, granting its exceptions by written judgment dated November 18, 2011.
This appeal followed.
STANDARD OF REVIEW
The majority of the arguments made by both parties to this appeal concern whether Alderdice should have been given notice of the expropriation proceeding and whether La. R.S. 19:141, et seq., is constitutional. Neither party addressed the issue of whether Alderdice has a cause or right of action in this proceeding. As the trial court’s judgment simply grants the Board’s exceptions and no reasons for judgment were issued, we focus on the propriety of the trial court’s grant of the Board’s exceptions of no cause and no right of action.
14This Court recently reiterated that an exception of no cause of action raises the question of whether the law affords any remedy to the plaintiff under the allegations of the petition, while the exception of no right of action raises the issue of whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged by the plaintiff. Breeden v. Crumes, 2011-1098, pp. 8-9 (La.App. 4 Cir. 4/4/12), 102 So.3d 133, 137, citing Wingfield v. State, Department of Transportation and Development, 97-1567 (La.App. 1 Cir. 6/29/98), 716 So.2d 164, 166. Both the exception of no cause of action and the exception of no right of action present questions of law and the standard of review of the trial court’s action is a de novo review. Homot v. Cardenas, 2006-1341, p. 12 (La.App. 4 Cir. 10/3/07) 968 So.2d 789, 798.
STATUTORY BACKGROUND
The Louisiana Constitution provides that “[e]very person has the right to acquire [and] own ... private property.” LSA-Const. Art. 1, § 4(A). This right is subject to the caveat that private property can be taken “for public purposes and with just compensation paid to the owner or into court for his benefit” (emphasis added). LSA-Const. Art. 1 § 4(B)(1). Indeed, “[pjroperty needed for a public purpose has always been a limitation on private property rights recognized by Article I, § 4. [As such,] [t]he state may take private property for a public purpose.” State v. Clark, 94-598, p. 9 (La.App. 3 Cir. 2/21/96), 670 So.2d 493, 499.
Our constitution also provides that, “[i]n every expropriation or action to take property pursuant to the provisions of this Section, a party has the right to trial by jury to determine whether the compensation is just, and the owner shall be compensated to the full extent of his loss.” LSA-Const. Art. 1 § 4(B)(5). (emphasis added). This Court recognized that “[t]he Louisiana Constitution, Article I, |,-'Section 4 provides for compensation to a landowner whose property rights are taken or damaged.” City of New Orleans v. Badine Land Ltd., 2007-1066, 2007-1067, 2007-1068, p. 4 (La.App. 4 Cir. 5/21/08), 985 So.2d 832, 835. (emphasis added). As is expressly provided by these provisions, it is clear that they are designed to protect owners of property.
The underlying expropriation proceedings were commenced by the Board under one of the “quick taking” expropriation statutes, La. R.S. 19:141, et seq., which allow several public entities, including the Board, to “acquire ... property prior to judgment in the trial court.” La. R.S. *11 19:141. Pursuant to the ensuing articles, in order for a public entity to expropriate property, it is to file a petition, to which certain documents must be attached, including a statement as to the amount of compensation “estimated to be just and adequate compensation for the taking”, which is to be made by at least two persons, one of which must be “a licensed realtor who is familiar with land values in the vicinity of the property to be taken.” La. R.S. 19:142, La. R.S. 19:148, respectively.
La. R.S. 19:144 mandates that, upon proper presentation of the petition and attachments, “the court shall issue an order directing that the amount of the estimate be deposited in the registry of the court and declaring that the property described in the petition has been taken for public purposes at the time of the deposit.” Once the deposit has been made, the title to the property is transferred to the public entity which filed the expropriation proceeding and “the right to just and adequate compensation therefor shall vest in the persons entitled thereto.” La. R.S. 19:145. At the time that the deposit is made, title to the property vests in the expropriating party. La. R.S. 19:145. The clerk of court is then to send “notice to | fieach defendant in the suit ... that the property described in the petition has been expropriated for public purposes.” La. R.S. 19:146.
When “an entire lot” is expropriated, “any defendant may apply for a trial to determine the market value of the property expropriated” provided that certain conditions are met, including that the defendant answer the suit within 30 days of service of the notice and specify the amount claimed.[3] La. R.S. 19:150. As was noted by the Fifth Circuit, in State, Through Dept. of Highways v. Luling Indus. Park, Inc., 443 So.2d 672, 674 (La.App. 5th Cir.1983), “[t]he right to demand a fair market value and severance damages in an expropriation suit remains with the owner of the property at the time of the taking.”
This statutory scheme clearly contemplates the expropriation of property without advance notice to any party; hence, the “quick taking” nature of this type of expropriation.
DISCUSSION:
Under La. C.C. Pr. art. 2002, a final judgment may be annulled under three circumstances. Those limited circumstances include judgments rendered:
(1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
(3) By a court which does not have jurisdiction over the subject matter of the suit.
La. C.C. Pr. art. 2002.
17Alderdice does not allege any ground for which the judgment of expropriation could be annulled under La. C.C.P. art. 2002. On this basis, alone, Alderdice has failed to state a cause of action for a nullity of judgment.
Even if this Court were to hold that the Petition, as amended, technically states a cause of action for damages, in a light most favorable to the plaintiff and with every doubt resolved in plaintiffs behalf, pursuant to NOLA 180 v. Harrah’s Operating Co., Inc., 2012-0072, p. 2 (La.App. 4 Cir. 5/16/12), 94 So.3d 886, 887, we find that Alderdice has no right of action in this proceeding.
*12 An exception of no right of action determines whether a plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition and whether the particular plaintiff has a real and actual interest in the subject matter of the litigation. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm’n, 94-2015, pp. 4-5 (La.11/30/94), 646 So.2d 885, 888, citing Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972).
Our jurisprudence indicates that the only indispensable party to an expropriation proceeding is the landowner. In the context of expropriation proceedings for blighted property, this Court indicated that, “[gjiven the in rem nature of expropriation proceedings, which are proceedings against the property itself, the only indispensable party who must be joined as a defendant is the owner of the property.” New Orleans Redevelopment Authority v. Lucas, 2002-2344, p. 16 (La.App. 4 Cir. 8/25/04), 881 So.2d 1246, 1255, citing United Gas Pipe Line Co. v. New Orleans Terminal Co., 156 So.2d 297, 300 (La.App. 4 Cir.1963). The Louisiana Supreme Court, too, has confirmed this principle. In construing similar quick taking expropriation provisions relating to the Department of Transportation Rand Development, the court stated that “it is clear that under the expropriation statutes the Department’s suit must be filed against the proper party (the property owner), and the deposit made for his benefit.” State, Through Dept. of Transp. and Development v. Estate of Davis, 572 So.2d 39, 42 (La.1990). (emphasis added).
Alderdice’s suit seeks to set aside the judgment of expropriation, or in the alternative, for damages owed for the Board’s failure to notify him of the expropriation and/or the demolition of the structure on the Property. Importantly, Alderdice does not allege in either the original or amending petition that he is the owner of the Property in this matter. Rather, he alleges that he “had in effect a Credit Sale of the Property.” As we have concluded that a property owner is the proper party against whom an expropriation proceeding may be instituted, it follows that Alderdice, who admittedly is not the property owner, has no right of action to set aside the judgment of expropriation. Similarly, as the only party to whom compensation is owed in an expropriation proceeding is the property owner,[4] Alderdice has no right of action for damages against the Board.
In light of the foregoing conclusion that Alderdice has no right of action in this matter, we need not address his other arguments. We note, however, that Al-derdice’s allegation that the quick-taking expropriation statute, La. R.S. 19:141 et seq., is unconstitutional is not properly before this Court. In neither the original nor the amending Petitions does Alderdice specifically raise the issue of the statute’s constitutionality. Nor is this issue specifically raised by any motion Alderdice filed. While Alderdice has generally argued that the Board violated his due process rights by not being provided notice of the expropriation proceedings in |flopposition to the Board’s exceptions, the first specific reference to the constitutionality of the quick taking statutes was made in his appellate brief.
We further note that, while the Louisiana Supreme Court declared La. R.S. 19:141, et seq., to be unconstitutional in State, Through Sabine River Authority v. Phares, 245 La. 534, 159 So.2d 144 (1963), that case was decided under the pre-1974 revisions to the Louisiana Constitution. At that time, Article I, Section 2 of the Constitution provided:
*13 No person shall be deprived of life, liberty or property, except by due process of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid, (emphasis added).
Article 1, Section 2 now provides simply that “[n]o person shall be deprived of life, liberty, or property, except by due process of law.” Article 1, Section 4 now states that “[pjroperty shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit.” No longer is there a requirement that “just and adequate compensation” be paid before a taking is permitted. Accordingly, with the 1974 constitutional amendments, the Phares decision no longer applies.
Furthermore, under the Louisiana Supreme Court decision in State, Through Dept. of Highways v. Olinkraft, Inc., 350 So.2d 865 (La.1977), it is clear that La. R.S. 19:141, et seq. is constitutional. In Olinkraft, the Supreme Court considered the quick taking expropriation statutes applicable to the Department of Highways, La. R.S. 48:441, et seq. For purposes of this discussion, those statutes are not materially different than those applicable to the Board and allow for the | ^expropriation of private property “prior to judgment in the trial court” and without any prior notice to any party, including the property owner. The Olinkraft court concluded:
Considered in the light of the public interest in expediting the construction of highways, the protections against abuse afforded the owner of private property by the quick taking statutes, and the presumption of constitutionality attached to Legislative enactments, these are reasonable statutory implementations of the constitutional authority to expropriate private property and the procedure prescribed does not deny due process.
Id. at 868.
Under the rationale of the Olinkraft decision, it appears readily apparent that the quick taking statutes under which the Board expropriated the Property are likewise constitutional.
CONCLUSION
Based on our de novo review of the record, we find no error in the trial court’s grant of the Board’s Exception of No Cause of Action and No Right of Action are affirmed.
AFFIRMED.

. The suit on the note, as reported by Alderd-ice, bears docket number 2011-4465 and is currently pending in Civil District Court for Orleans Parish. We note that this suit bears a higher number than the instant matter and as such, was obviously filed after the current suit which was filed on February 2, 2011. Thus, it appears that Alderdice waited more than 2 years to file suit on the defaulted note and did so only after the Property was expropriated.

. Again, the record contains no copies of any of the records from the expropriation suit, including the judgment by which the Board obtained title to the property, and we must rely on the parties as to these facts.

. The record does not reflect whether the Bickham heirs exercised their right to challenge the market value of the expropriated property.

. See: e.g. City of New Orleans v. Badine Land Ltd., supra.