# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE
NEWS RELEASE #049

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **25th day of October, 2024** are as follows:

**BY McCallum, J.:**

2023-CC-01364     BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE VS. ALLEN BICKHAM, ET AL. (Parish of Orleans Civil)

AFFIRMED. SEE OPINION.

Crichton, J., additionally concurs and assigns reasons.
Crain, J., concurs and assigns reasons.

# SUPREME COURT OF LOUISIANA

## No. 2023-CC-01364

## BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

## VS.

## ALLEN BICKHAM, ET AL.

On Supervisory Writ to the Orleans Civil District Court, Parish of Orleans Civil

**McCALLUM, J.**[1]

Louisiana Code of Civil Procedure article 561 A (1) provides that an action is abandoned "when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. . . ." Article 561 has generated a considerable amount of litigation as to what constitutes a "step" sufficient to interrupt the accrual of the abandonment period. In this expropriation matter, we consider whether a joint motion to continue trial meets the requirements of a "step." As a preliminary matter, we also consider the underlying issue of whether an ex parte motion to continue trial without date is considered a step within the meaning of Article 561. As discussed more fully herein, we hold that a motion which seeks nothing more than the continuance of a trial without date is not a step in the prosecution or defense of a case; it does not interrupt the abandonment period.

Whether a *joint* motion to continue a trial date is a "step" as contemplated by Article 561 raises additional concerns. After our careful consideration of this issue, we find that a joint motion to continue trial without date, although technically not a "step" in a lawsuit, may waive a defendant's claim that an action has been abandoned

---

[1] Justice Jeannette Theriot Knoll, retired, appointed Justice *Pro Tempore*, sitting for the vacancy in Louisiana Supreme Court District 3.

when it simultaneously reflects the parties' intent for the lawsuit to advance. We further hold that the abandonment period begins anew upon the filing of the joint motion to continue, and not when the trial court signs the order continuing the trial.

In the instant matter, we find that the joint motion to continue trial without date constituted a waiver and interrupted the abandonment period because it reflected the parties' acknowledgement that the matter would move forward. We also find that more than three years elapsed between the date it was filed and the next step in the prosecution of the case. Ordinarily, the case would be deemed abandoned. However, the Louisiana legislature enacted La. R.S. 9:5829 which suspended certain periods, including the abandonment period, "[d]uring [the] 2020 Covid-19 Public Health Emergency." It provides, in pertinent part, as follows:

> A. All prescriptions, including liberative, acquisitive, and the prescription of nonuse, *abandonment periods*, and all peremptive periods shall be subject to a limited suspension or extension during the time period of March 17, 2020, through July 5, 2020; however, the suspension or extension of these periods shall be limited and *shall apply only if these periods would have otherwise expired during the time period of March 17, 2020, through July 5, 2020.* The right to file a pleading or motion to enforce any right, claim, or action *which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020.*

(Emphasis added).

The last date of the abandonment period at issue in this case fell squarely within that time frame. The next step in the prosecution – the filing of a motion to set for trial – occurred during this suspensive period and interrupted the abandonment period. Accordingly, this matter was not abandoned and we affirm the lower court judgments on that basis.

### FACTS AND PROCEDURAL BACKGROUND

In August 2010, the Board of Supervisors of Louisiana State University and Agriculture and Mechanical College (the "Board") filed this suit, seeking to

2

expropriate property located at 2327 Palmyra Street in New Orleans, Louisiana, for the purpose of constructing an academic medical center after its existing center was significantly damaged by Hurricane Katrina. Named as defendants are the owners of the property, Allen Bickham, Octavia Bickham, and Tesha Bickham Lewis (the "Bickham defendants"), and the City of New Orleans (named solely to obtain the cancelation of any liens on the property in favor of the City).[2] In March 2011, the Board obtained a default judgment against the Bickham defendants which set the amount of just compensation and ordered the Board to deposit that sum into the trial court's registry.

On October 20, 2011, Mr. Alderdice intervened in the action, asserting that he is the holder of a mortgage and note on the Bickham defendants' property, on which an outstanding balance remained.[3] Mr. Alderdice alleged that he had not received notice of the expropriation proceeding, that the building on the property had been demolished, and that he suffered damages as a result.[4]

Over the next couple of years, the parties engaged in motion practice and discovery and in late December 2013, the Board filed a peremptory exception of no right of action against Mr. Alderdice. The trial court granted the exception on March 13, 2014 and dismissed the intervention. Mr. Alderdice appealed that ruling and the court of appeal reversed, finding Mr. Alderdice had the right to intervene in the expropriation proceeding to "assert his rights both as a mortgagee and a lienholder

---

[2] The Bickham defendants are the heirs of Thelma Tate Bickham, who purchased the property in 1997 from James S. Alderdice through a credit sale. *See Alderdice v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll.,* 12-0148, p. 1 (La. App. 4 Cir. 7/25/12), 107 So. 3d 7.

[3] After this matter was filed in this Court, Janet Farmer, Mr. Alderdice's sister and legal representative, was substituted as intervenor.

[4] Mr. Alderdice also unsuccessfully sought to set aside the default judgment in a separate action. *See Alderdice*, 12-0148, 107 So. 3d 7. In that case, the court of appeal affirmed a trial court judgment granting exceptions of no cause of action and no right of action, finding that Mr. Alderdice failed to allege any ground upon which the judgment of expropriation could be annulled and further, that only the property owner "is the proper party against whom an expropriation proceeding may be instituted." *Id*., 12-0148, pp. 7-8, 107 So. 3d at 12.

against the amount deposited by the Board. . . as just compensation." *Bd. of Supr's of Louisiana State Univ. v. Bickham*, 14-0975, p. 2 (La. App. 4 Cir. 3/11/15), 163 So. 3d 119, 131.

Mr. Alderdice then moved for a status conference in June 2015, and later filed a Motion to Set for Trial on September 8, 2016. After an October 16, 2016 status conference, trial was set for May 8, 2017. The trial court issued a Notice of Trial, along with a schedule of pre-trial deadlines.

On March 23, 2017, the Board and Mr. Alderdice jointly moved for a continuance of the trial date and all related cut-off dates. The joint motion related that both Mr. Alderdice and the Board needed additional time to prepare for trial.[5] The motion requested a continuance of the trial and the pre-trial conference "without date" and further requested that the dates "be rescheduled at a Scheduling Conference to be set by the Court." The Order submitted to the trial court continued the trial and related deadlines without date. The trial court signed the Order on March 27, 2017.

Thereafter, the following relevant dates and pleadings appear in the record:

- March 29, 2019: the Board's motion to withdraw and enroll additional counsel of record;

- March 27, 2020: Mr. Alderdice's motion to enroll additional counsel of record;

- March 27, 2020: Mr. Alderdice's motion to set for trial;

- July 6, 2020: trial court's Order scheduling a telephone status conference to select discovery deadlines;

- March 13, 2023: Mr. Alderdice's motion to set for trial.

On June 20, 2023, the Board moved to dismiss the intervention as abandoned. The Board's position was that Mr. Alderdice's September 8, 2016 motion to set for

---

[5] The attorney primarily handling the case for Mr. Alderdice was no longer employed by the law firm representing him and additional time was required for another attorney to prepare the case for trial. Counsel for the Board also sought additional time to prepare "due to a medical procedure to be performed on her spouse."

trial was the last step in the prosecution of this matter. As Mr. Alderdice's March 27, 2020 motion to set for trial was filed more than three years later, the Board maintained, the matter was deemed abandoned as a matter of law.

The trial court summarily denied the Board's motion to dismiss and the court of appeal denied the Board's writ application without comment. We granted the Board's writ application to consider whether the lower courts erred in denying the Board's motion and to resolve certain issues concerning the abandonment of cases. *Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll. v. Bickham*, 23-01364 (La. 1/10/24), 375 So. 3d 953.

## LAW AND DISCUSSION

As noted, a suit is considered abandoned when the parties fail to take a step in its prosecution or defense for a period of three years. La. C.C.P. art. 561 A (1).[6] "Abandonment occurs automatically upon the passing of three years without either party taking a step in the prosecution or defense of the action." *Wilkerson v. Buras*, 13-1328, p. 6 (La. App. 1 Cir. 8/12/14), 152 So. 3d 969, 974-75 (citing La. C.C.P. art. 561 A (1) and (3)). As a question of law, the issue of whether a lawsuit is abandoned is subject to *de novo* review. *Felo v. Ochsner Med. Ctr.-Westbank, LLC*, 15-459, p. 5 (La. App. 5 Cir. 12/23/15), 182 So. 3d 417, 420.

---

[6] At the time that the Board's motion was filed, La. C.C.P. art. 561 A provided, in pertinent part, as follows:

> A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
>
> (a) Which has been opened;
> (b) In which an administrator or executor has been appointed; or
> (c) In which a testament has been probated.
>
> ***
> (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. . . .

5

This Court recently reiterated that, for purposes of Article 561, a "step" in the prosecution or defense of a suit is either "a formal action before the court intended to hasten the suit towards judgment" or "the taking of formal discovery." *Williams v. Montgomery*, 20-01120, p. 5 (La. 5/13/21), 320 So. 3d 1036, 1041. We further explained in *Williams* that, to avoid the dismissal of a case as abandoned:

> (1) a party must take some "step" in the prosecution or defense of the action, (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit, and (3) the step must be taken within three years of the last step taken by either party.

*Id*.

One purpose of Article 561 is to prevent protracted litigation where there is no "serious intent to hasten the claim to judgment." *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, 11-0912, p. 5 (La. 12/6/11), 79 So. 3d 978, 981. As we recognized in *Williams*, abandonment is not a "punitive concept;" to the contrary, it balances competing policy considerations:

> (1) the desire to see every litigant have his day in court and not to lose same by some technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription.

*Id.,* 20-01120, p. 5, 320 So. 3d at 1041. Because the dismissal of a case as abandoned is considered "the harshest of remedies," our case law reflects that Article 561 is to be liberally construed in favor of maintaining an action. *See Clark v. State Farm Mut. Auto. Ins. Co*., 00-3010, p. 8 (La. 5/15/01), 785 So. 2d 779, 785. However, our jurisprudence also reflects that abandonment is intended "to dismiss actions which in fact clearly have been abandoned." *Oilfield Heavy Haulers,* 11-0912, pp. 12-13, 79 So. 3d at 986 (quoting *Clark*, 00-3010, p. 9, 785 So. 2d at 786).

The issue of whether activity in a case constitutes a "step" under Article 561 turns on whether it "hastens" the matter to judgment. Although a step must "appear

in the record," not all pleadings or filings in a lawsuit are deemed to be steps sufficient to hasten a suit to judgment. For example, motions to enroll, withdraw or substitute counsel of record do not constitute steps "as contemplated by La. C.C.P. art. 561. . . because '[s]uch motions grant to counsel the right to take steps, or to prepare to take steps, toward the prosecution or defense of a case, but are not considered steps because they do not hasten the matter to judgment.'" *Vaughan v. Swift Transp. Co., Inc.*, 14-208, p. 4 (La. App. 5 Cir. 10/29/14), 164 So. 3d 235, 237, (citations omitted); *see also*, *James v. Formosa Plastics Corp. of Louisiana*, 01-2056, p. 9 (La. 4/3/02), 813 So. 2d 335, 341 ("Rather than being formal actions before the trial court intended to hasten the matter to judgment, a motion to substitute counsel of record merely 'grants to counsel the right to take 'steps' toward prosecution of his client's case, but does not itself constitute such a 'step.'") (citations omitted).

Similarly, motions and orders extending time to file pleadings do not hasten a case towards judgment and, consequently, are not considered steps in its prosecution or defense. *Campbell v. Hartford Ins. Co. of the Midwest*, 95-1484, p. 3 (La. App. 3 Cir. 4/3/96), 671 So. 2d 1133, 1135. Motions to set for trial, or to schedule a status or other conference with the court, however, clearly advance a lawsuit and are thus steps that interrupt the abandonment period. *See, e.g., Hidalgo v. Catfish Queen P'ship in Commendam*, 06-1531, p. 5 (La. App. 1 Cir. 5/4/07), 961 So. 2d 434, 437.

Motions to continue trial dates, on the other hand, present conflicting decisions in our jurisprudence. Clearly, motions to continue trial, accompanied by orders to re-set trial dates and/or schedule conferences with the court, evidence the intent to advance a lawsuit and are "steps" as contemplated by Article 561. *See, e.g., Provenza v. City of Bossier City*, 54,002, p. 18 (La. App. 2 Cir. 6/30/21), 324 So. 3d 246, 258 ("filing a motion for continuance, *with* a date set for the trial, constitute[s] a step in the prosecution of the action that prevent[s] abandonment.") (Emphasis

7

supplied); *see also*, *Hinds v. Glob. Int'l Marine, Inc.*, 10-1452, p. 5 (La. App. 1 Cir. 2/11/11), 57 So. 3d 1181, 1184 (a "motion to continue and request that the matter be reset, with accompanying order, [is] a 'step' in the prosecution of the suit.").

There is inconsistency among the courts of appeal concerning a motion that seeks to continue trial without date. The majority of decisions hold that motions to continue trial without date, even those which are unopposed, are not steps as contemplated by Article 561, as these motions do not hasten a lawsuit towards judgment. Three of the five circuits of this state follow these principles.[7]

The Fourth Circuit reached the opposite conclusion on this issue. Starting with *Dean v. Delacroix Corp.*, 12-0917 (La. App. 4 Cir. 12/26/12), 106 So. 3d 283, the Fourth Circuit has held that the operative date on which an abandonment period begins is the date on which a trial court signs an order granting a continuance of a trial without date. The *Dean* court reasoned that, before the unopposed motion to continue exceptions and trial was filed, the parties "were moving forward towards trial," and stated:

> Once the trial court ruled on Delacroix's exceptions, the case would proceed to trial with or without Delacroix as a party. There was no further action needed by any party, such as the formal filing of pleadings, to move the case forward. Thus, it would be patently unfair to hold that the last date any action taken in this case to hasten it to judgment was . . . when Dean filed its opposition to Delacroix's exceptions. Rather, we find the operative date to begin the tolling of the three-year abandonment rule was . . . the date Judge Ragusa signed the order continuing both the hearing on Delacroix's exceptions and the trial date.

---

[7] *See, e.g.*, (Second Circuit) *Futch v. Horseshoe Casino*, 49,144, p. 8 (La. App. 2 Cir. 7/23/14), 146 So. 3d 818; (Third Circuit) *Taylor v. Dash Equip. & Supplies, Inc.*, 18-335 (La. App. 3 Cir. 11/7/18), 258 So. 3d 909; (Fifth Circuit) *Roubion Shoring Co., LLC v. Crescent Shoring, L.L.C.*, 21-237, p. 8 (La. App. 5 Cir. 12/22/21), 335 So. 3d 354, *writ denied sub nom. Roubion Shoring Co., L.L.C. v. Crescent Shoring, L.L.C.*, 22-00282 (La. 4/20/22), 336 So. 3d 468.

The First Circuit has not expressly stated that a motion to continue trial without date is not a step in the prosecution of a case, but cited the trial court's reasons for judgment in *Brown v. Kidney & Hypertension Associates, L.L.P.*, 08-0919, p. 5 (La. App. 1 Cir. 1/12/09), 5 So. 3d 258, 262, which recognized: that "[t]he jurisprudence indicates that an unopposed motion to continue without date is not a step in the prosecution." The First Circuit has clearly held that joint motions to continue trial without date do not constitute a step in the prosecution or defense of a lawsuit. *See Hutchison v. Seariver Mar., Inc.*, 09-0410, p. 6 (La. App. 1 Cir. 9/11/09), 22 So. 3d 989, 994.

*Id*., 12-0917, pp. 7-8, 106 So. 3d at 288. The Fourth Circuit later followed *Dean* in *Heirs of Simoneaux v. B-P Amoco*, 13-0760 (La. App. 4 Cir. 2/5/14), 131 So. 3d 1128, to find that that a telephone conference with the court in which all parties agreed to an indefinite continuance of a status conference was the last step in the prosecution of a case. The dissent in *Simoneaux* observed, however, that "[a] joint motion to continue is not an attempt to hasten an action toward trial; it is not a step." *Id*., p. 2, 131 So. 3d at 1133 (Jenkins, J., dissenting). The Fourth Circuit reached a similar result in *Delacruz v. Anadarko Petrol. Corp*., 14-0433 (La. App. 4 Cir. 12/3/14), 157 So. 3d 790, and more recently, in *Fischer v. Chad Rogers, Cuvee, L.L.C*., 19-0337, p. 8 (La. App. 4 Cir. 10/9/19), 280 So. 3d 1199, 1205, where the court, being "bound by the Fourth Circuit precedent set forth in *Dean*, *Simoneaux*, and *Delacruz*," found: "where a trial date has been selected and the matter is proceeding toward that trial date, an order continuing trial qualifies as a step in the prosecution of the case, the date on which the three-year period for abandonment commences anew."

All of the cases involving abandonment focus on whether the abandonment period was interrupted by formal discovery or, pertinent to this case, formal action before the court (*i.e.*, appearing in the record) intended to "hasten" it towards judgment. Again, a "step" is taken when there is "a demonstrable intention of moving the case to trial." *See Picone v. Lyons*, 94-2428, p. 4 (La. App. 4 Cir. 4/26/95), 653 So. 2d 1375, 1377. Stated another way, a step occurs when the parties "forward[] the progress of the case in court." *See Donald G. Lambert Contractor, Inc. v. State Through Dep't of Highways*, 577 So. 2d 341, 342 (La. App. 1 Cir. 1991) (quoting *Lips v. Royal Ins. Co.*, 89 So. 213, 214 (1921)).

We agree with the majority of the courts of appeal that a motion to continue trial without date is not a step in the prosecution or defense of a lawsuit; it does not

9

hasten a matter towards judgment. To the contrary, the continuance of a trial without date delays the case, neither advances nor forwards its progress, and does not evidence any intention to hasten the case towards a conclusion. It simply brings the matter to a standstill. In *Clark*, this Court recognized "'the legislative intent and judicial policy of finality, requiring that suits not be permitted to linger indefinitely, that the legal process be expedited where possible, and that abandoned cases be removed from crowded dockets.' 1 Judge Steven R. Plotkin, *West Practice Group: Louisiana Civil Procedure* 359 (2001)." *Clark*, 00-3010, p. 11, 785 So. 2d at 787.

We therefore hold that a motion to continue trial without date is not a "step" in the prosecution or defense of a case as contemplated by Article 561. It does not interrupt the tolling of the abandonment period as it is the cessation of progress.

Turning to the question of whether a *joint* motion to continue trial without date constitutes a "step," the few cases addressing this issue generally make no distinction between an ex parte motion or a joint motion, and find that a joint motion to continue (like an ex parte motion) is not a step in the prosecution of a case for purposes of abandonment. *See Hutchison v. Seariver Mar., Inc.*, 09-0410, p. 6 (La. App. 1 Cir. 9/11/09), 22 So. 3d 989, 994 ("A joint motion to continue without date or indefinitely is not considered a step in the prosecution of a case, since by its very nature, an *indefinite* continuance is not intended to hasten the matter to judgment.") (emphasis supplied); *see also, Oliver v. Oliver*, 95-1026, p. 14 (La. App. 3 Cir. 3/27/96), 671 So. 2d 1081, 1090 (the "joint motion to continue, which resulted in the indefinite continuation of the hearing on her motion. . . cannot be considered a step in the prosecution since, by its very nature, a motion for continuance is not intended to hasten the matter to judgment.").

The *Provenza* court summarized the jurisprudence on this issue as follows:

> . . . the first, third, and fifth circuits have held that a *joint* motion for continuance or an *uncontested* motion for continuance is not a step in the prosecution of the matter,

10

apparently rejecting the notion that if there is agreement to continue a matter without date, that should constitute a step in the prosecution of the matter. Those courts recognize that, even if the parties agree to a continuance without date, that action still does not satisfy the requirement that the step hasten the matter to judgment.

*Id*., 54,002, p. 18, 324 So. 3d at 258. (Emphasis supplied). The court then stated:

We believe that the legal reasoning of the first, third, and fifth circuits is more fully supported by La. C.C.P. art. 561 and the basic requirement that a "step" is a formal action before the court, intended to hasten the suit toward judgment, or the taking of formal discovery. As found by those courts, the continuance of a case, without date, even if the motion is joint or unopposed, does not hasten the suit toward judgment. Rather, without the remedy offered by La. C.C.P. art. 561, such an action would allow an action to "hang perpetually over the head of the defendant unless he himself should force the issue" and is contrary to the underlying policy of the abandonment article which seeks to prevent protracted litigation without a serious intent to hasten the claim to judgment.

*Id*., 54,002, pp. 18-19, 324 So. 3d at 258.

The First Circuit recently considered whether a joint motion to continue interrupted an abandonment period in *Dickerson v. SNF Holding Co*., 23-0160 (La. App. 1 Cir. 11/9/23), 378 So. 3d 803. There, the trial court issued a scheduling order on April 10, 2019, setting the case for trial in January 2020. On December 19, 2019, the parties jointly moved to continue the trial date; the motion expressly stated that "Movers respectfully request that the trial be continued without date and all deadlines on the pretrial scheduling order be suspended. Parties will request a status for a new trial date if unable to resolve matter." *Id*., 23-0160, p. 4, 378 So. 3d at 806.

Thereafter, on August 11, 2022, the defendant filed a motion to dismiss the case as abandoned, taking the position that the last step in the case was the April 10, 2019 order setting the case for trial. The trial court granted the motion and dismissed the case. The First Circuit reversed. It first reviewed relevant case law on abandonment, reiterating the principle that a joint motion to continue without date is

11

not a step in the prosecution of a case. It then cited two jurisprudential exceptions to the abandonment rule set forth in *Clark*: (1) the plaintiff-oriented exception, based on the doctrine of *contra non valentum*, that applies when the failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgement, that applies when a defendant waives the right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.[8] *Id.*, 23-0160, p. 3, 378 So. 3d at 806. As concerns the defense-oriented exception, we note that "the conduct or actions of the defendant which are inconsistent with the intent to treat a case as abandoned and which result in the waiver of the right to assert abandonment may occur either before or after the abandonment period has accrued and serves to recommence the abandonment period running anew." *Burgess, Inc. v. Par. of St. Tammany*, 17-0153, p. 5 (La. App. 1 Cir. 10/25/17), 233 So. 3d 58, 63 ( citing *Hutchison*, 09-0410, p. 6, 22 So. 3d at 994).

Finding that the language of the motion to continue at issue reflected conduct sufficient to amount to a waiver of abandonment, the *Dickerson* court stated:

> Where the joint motion herein not only involves a request for a continuance, but evidences an agreement between the parties to "request a status for a new trial date," we agree with the plaintiffs' contentions, and find that the defense-oriented exception to the abandonment rule applies. By virtue of the joint motion, both parties, and more importantly the defendant SNF, agreed and indicated their intention, should this matter not resolve, to set it for a trial. The action of SNF amounted to an acknowledgment of JMD's ongoing cause of action. It was inconsistent with an intent to treat this matter as abandoned—it operated as a waiver to any claim that JMD abandoned this litigation, and precluded SNF from asserting the same.

*Id.*, 23-0160, p. 5, 378 So. 3d at 807.

---

[8] *Clark* considered whether an unconditional tender made by an uninsured/underinsured motorist carrier as required by La. R.S. 22:658 (now, La. R.S. 22:1892) constituted a waiver of the claim that a suit was abandoned. Finding that it was a waiver, this Court stated: "Equity dictates recognizing the tender as an acknowledgment and thus within the waiver exception, which results in an interruption of abandonment and a recommencement of the abandonment period from the date of the tender." *Id.*, 00-3010, p. 21, 785 So. 2d at 793.

We find the *Dickerson* reasoning to be persuasive. A joint motion to continue trial without date is analogous to an unopposed motion to continue without date. Neither motion interrupts the abandonment period absent some additional element reflecting either an intent for the lawsuit to continue (*e.g.*, an order accompanying the motion to continue re-setting the trial date or scheduling a conference) or the waiver of the claim that the suit is abandoned. Where it meets either of these circumstances, a joint motion to continue trial interrupts the abandonment period. We decline, however, to adopt the broad rule that a joint motion that merely continues trial without date suffices to interrupt the abandonment period. Indeed, a joint motion to continue without date merely evidences that *neither* party is hastening the matter toward judgment. *See*, *e.g.*, *Reed v. Finklestein*, 01-1015, p. 6 (La. App. 4 Cir. 1/16/02), 807 So. 2d 1032, 1035 ("Implicit in the [joint] motion [to continue without date] . . . was that both parties intended that neither party wanted to hasten to judgment the issue of whether or not a new trial should be granted.").

Applying these principles to the instant matter, we find that the joint motion to continue trial is comparable to the motion in *Dickerson* such that it constitutes an action "inconsistent with an intent to treat the case as abandoned." The joint motion specifically requested that the continued dates "be rescheduled at a Scheduling Conference to be set by the Court." As the *Dickerson* court found, this request serves as an acknowledgement of Mr. Alderdice's ongoing intervention, and negates any abandonment argument.

Our finding raises the additional question of whether the abandonment period commenced on the date the joint motion was filed or the date the trial court signed the order continuing the trial. Our relevant jurisprudence on this issue supports the finding that the operative date is the date on which the joint motion was filed. This Court in *James*, 01-2056, 813 So. 2d 335, made clear that, for purposes of interrupting the abandonment period, a step in the prosecution must be made by a

"party," and not the court. There, this Court found that its denial of a plaintiff's application for a writ of certiorari "clearly cannot serve to interrupt the abandonment period as to plaintiff's actions against [defendant] because it was not a step in the prosecution or defense of the action *taken by the parties*." *Id.*, 01-2056, p. 8, 813 So. 2d at 340.[9] (Emphasis added).

Following *James*, cases have consistently held that, for purposes of abandonment, the clear language of Article 561 requires that a step be taken by the parties. Thus, action by the court is insufficient to interrupt the abandonment period. In *Felo*, 15-459, 182 So. 3d 417, for example, the plaintiff argued that service by mail of a jury deposit order from the clerk of court was the last step in the prosecution of his lawsuit. He maintained that his request for a jury trial was not perfected until the jury order was mailed. In rejecting these arguments, the court found Article 561 to be clear and unambiguous, plainly requiring a step by "the parties." The mailing of the jury order therefore "was a not step *taken by the parties* in the prosecution of the action that tolled the running of abandonment." *Id.*, 15-459, p. 10, 182 So. 3d at 423 (emphasis supplied).

Similarly, in *Edwards v. Chrysler Motor Co.*, 07-0326 (La. App. 1 Cir. 02/08/08), 984 So. 2d 85, the plaintiff relied on actions in the court of appeal, (*i.e.*, the date the record was lodged in the appellate court, the date the court issued notice to file briefs, and the date the court issued judgment stating the appeal was abandoned) as steps interrupting the abandonment period. Finding the plaintiff's reliance on those actions to be "misplaced," the court stated that "[a]ctions taken by courts do not interrupt the abandonment period simply because they are not actions

---

[9] The Court also rejected the argument that the filing of the notice of the writ denial interrupted the abandonment period. It found that this "was not a 'step' in the prosecution or defense of the action because it was not a formal action before the trial court intended to hasten the matter to judgment." *Id.*, 01-2056, p. 9, 813 So. 2d at 341.

14

in the prosecution or defense of the action taken by the parties in the trial court as required by La. C.C.P. art. 561." *Id*., p. 6, 984 So. 2d at 90.[10]

The reasoning of the foregoing informs that, pertinent to the instant matter, a trial court's signing of an order continuing a trial without date is not a step in the prosecution of a case. First, it is not a step by the *parties* as required by Article 561. Second, it does not hasten the matter towards judgment. While the parties' joint motion may reflect a waiver of abandonment, the trial court's issuance of an order indefinitely continuing trial does not forward the progress of the case; it accomplishes the opposite – the case comes to a halt.

We distinguish our finding that a joint motion to continue trial that evidences a waiver of abandonment interrupts the abandonment period from those cases in which a trial court's action suspends the tolling of the abandonment period. Where, for example, the trial court fails to issue judgment following a trial during the period of abandonment, abandonment does not accrue. In *Barton v. Burbank*, 138 La. 997, 71 So. 134, 134 (1916), for example, this Court rejected the argument that plaintiffs had abandoned their suit when the abandonment period had elapsed because the matter had been "stayed by injunction and the judge delay[ed] his decision for five years after the submission of the matter." The Court observed that the plaintiffs "should not be held responsible for [the judge's] delay in the discharge of his duty. . . the idea of the [abandonment] statute being merely to hold a plaintiff responsible

---

[10] *See also*, *Argence, L.L.C. v. Box Opportunities, Inc*., 11-1732, p. 3 (La. App. 4 Cir. 5/23/12), 95 So. 3d 539, 541 ("This article makes it clear that a **party** must take the action to move a case to final disposition, not the trial judge.") (emphasis supplied). *Hardy v. A. Wilbert's Sons, L.L.C.*, 06-1093, p. 6 (La. App. 1 Cir. 9/19/07), 970 So. 2d 1063, 1066 (the signing of a case management order by a judge in another division that consolidated 19 lawsuits involving water contamination claims did not interrupt the abandonment period); *First Bank & Tr. v. Proctor's Cove II, LLC*, 19-299, p. 10 (La. App. 5 Cir. 12/30/19), 287 So. 3d 888, 895 (the filing into the record of an opinion affirming the trial court's motion to strike a motion to recuse and reversing the grant of a summary judgment motion – whether filed by the court or one of the parties – does not constitute a step because "the plain language of La. C.C.P. art. 561(A)(1) provides that the action in the prosecution or defense of the matter must be taken by a *party*.") (emphasis supplied); *Voisin v. Int'l Companies & Consulting, Inc.*, 05-0265, p. 6 (La. App. 1 Cir. 2/10/06), 924 So. 2d 277, 281 ("the Code of Civil Procedure clearly requires action by the *parties* to the lawsuit;" the act of a witness's correcting and signing a deposition did not interrupt prescription) (emphasis supplied).

15

for delay attributable to his nonaction in and failure to prosecute his suit up to the point at which the court is placed in a position to render judgment." *Id*., 138 La. at 1000, 71 So. at 135.

Similarly, in *Bryant v. Travelers Ins. Co.*, 288 So. 2d 606 (La. 1974), this Court considered the effect of a trial court's failure to issue judgment during the abandonment period, after taking a matter under advisement following trial. Finding that the "delays thereafter are not chargeable to any failure on the part on plaintiffs to take a step in the prosecution of their lawsuit," the Court held that the matter was not abandoned. *Id*., 288 So. 2d at 609. The same result was reached in *Collins v. Methvin*, 625 So. 2d 313, 314 (La. App. 3 Cir. 1993); where the trial court did not sign a final judgment until eight years after a trial, the case was not abandoned; *see also*, *Succession of Moody*, 306 So. 2d 869, 873 (La. App. 1 Cir. 1974) ("Where a case has been submitted to the court for decision, Article 561 of the Code of Civil Procedure is inapplicable to either party to the action, because the delay is attributable to the court rather than the parties.").

Here, the last step in the prosecution of this matter was the joint motion to continue trial without date, filed on March 23, 2017. It was not the trial court's March 27, 2017 order granting the motion to continue. Under ordinary circumstances, the abandonment period would have tolled on March 23, 2020. However, as noted, the Louisiana legislature enacted La. R.S. 9:5829 which provides, in subpart A that, due to the Covid health emergency, all abandonment periods that would have expired during the period from March 17, 2020 through July 5, 2020 are subject to a limited suspension. The "right to file a pleading or motion to enforce any right, claim, or action which would have expired during the time period. . . shall expire on July 6, 2020." *Id*. Here, Mr. Alderdice filed a motion to set for trial on March 27, 2020, which falls within that this statutory suspension. Accordingly, we find that Mr. Alderdice's motion to set for trial, clearly a step in the

16

prosecution, interrupted the abandonment period.  On this basis, the lower courts properly denied the Board's motion to dismiss this case as abandoned.

## DECREE

Based on the foregoing, we affirm the rulings of the lower courts.

**AFFIRMED.**

# SUPREME COURT OF LOUISIANA

## No. 2023-CC-01364

## BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

## VS.

## ALLEN BICKHAM, ET AL.

On Supervisory Writ to the Orleans Civil District Court, Parish of Orleans Civil

**CRICHTON, J., additionally concurs and assigns reasons.**

I agree with the majority but write separately to make clear that this Court's opinion should be understood to abrogate the prior outlier court of appeal decisions in *Heirs of Simoneaux v. B-P Amoco*, 2013-0760 (La. App. 4 Cir. 2/5/14), 131 So. 3d 1128 (holding a telephone conference with the court in which all parties agreed to an indefinite continuance of a status conference was a step in the prosecution of a case) and *Dean v. Delacroix Corp.*, 2012-0917 (La. App. 4 Cir. 12/26/12), 106 So. 3d 283 (holding the operative date on which an abandonment period begins is the date on which a trial court signs an order granting a continuance of a trial without date). The decision in *Heirs of Simoneaux*, 2013-0760, 131 So. 3d 1128 was contrary to this Court's decision in *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.,* 2011-0912 (La. 12/6/11), 79 So. 3d 978, that explained that one purpose of La. C.C. art. 561 is to prevent protracted litigation where there is no "serious intent to hasten the claim to judgment." The reasoning in *Dean v. Delacroix Corp.*, 2012-0917, 106 So. 3d 283, was likewise faulty in that it conflicted with the clear language of La. C.C. art. 561 which requires a step in the prosecution of the case be taken *by the parties*, thus an action by the court is insufficient to interrupt the abandonment period. Accordingly, these decisions from the Court of Appeal for the Fourth Circuit, as well as any subsequent decisions relying on their holdings, are abrogated by the majority opinion in this case.

**BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL
AND MECHANICAL COLLEGE**

**VS.**

**ALLEN BICKHAM, ET AL.**

On Supervisory Writ to the Orleans Civil District Court, Parish of Orleans Civil

**CRAIN, J.**, concurring.

I agree the motion to continue trial without date did not constitute a step in the prosecution of the case; it did not hasten the matter to trial. *See* La. Code Civ. Pro. art. 561. I write separately to clarify that when considering the defense-oriented exception to abandonment, a joint motion to continue and an unopposed motion to continue are not the same. Delay is often a defense strategy. By joining in the motion to continue trial without date, the defense actively engaged in delaying trial, which I would find constitutes at least a waiver of the abandonment claim, *if not a step in defense* of the matter. I agree with the majority the three-year abandonment period recommenced on the date the joint motion to continue was filed. *See James v. Formosa Plastics Corp.*, 2001-2056 (La. 4/03/02) 813 So.2d 335, 340; *Clark v. State Farm Mut. Auto. Ins. Co.*, 2000-3010 (La. 5/15/01), 785 So.2d 779, 793. The abandonment period, as extended by the legislature, was then interrupted by the filing of the motion to set for trial. *See* La. R.S. 9:5829. Thus, I respectfully concur.